IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00610-RJC
(3:09-cr-00203-RJC-DCK-5)

| | |
|---|---|
| KYLE MARK CORSI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I.  BACKGROUND

Petitioner and a co-defendant, Eric Giles, were charged in a third superseding indictment with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count One); conspiracy to commit money laundering to conceal the proceeds from the marijuana distribution conspiracy, in violation of 18 U.S.C. § 1956 (Count Two); and conspiracy to structure the proceeds from the marijuana distribution conspiracy to avoid the reporting requirements imposed by the Government on financial institutions, in violation of 18 U.S.C. § 371 and 31 U.S.C. § 5324(a)(3) (Count Three). (3:09-cr-00203, Doc. No. 102: Third Superseding

1

Indictment). After the return of the indictment, the Government filed notice of its intention to seek enhanced penalties based on Petitioner's prior conviction for the manufacture, delivery, and possession with intent to deliver a controlled substance pursuant to 21 U.S.C. §§ 841 and 851, which he sustained in Erie, Pennsylvania, in 1993. (Id., Doc. Nos. 110, 110-1; Doc. No. 245: Revised Presentence Report (PSR) ¶ 49). Petitioner pleaded not guilty and demanded a jury trial.

Prior to trial, Petitioner filed a motion to suppress physical and testimonial evidence which law enforcement obtained following an initial interview with Petitioner at his residence on October 26, 2009, and a subsequent custodial interview on November 2, 2009. (Id., Doc. No. 119: Motion to Suppress; Doc. No. 134: Supplemental Motion to Suppress).[1]

The evidence presented at the suppression hearing tended to show the following. On October 26, 2009, Special Agent Thomas Nelson with the IRS Criminal Investigation Division was assisting the Drug Enforcement Administration (DEA) with an investigation regarding a drug trafficking conspiracy involving Petitioner and others. Officers with the Charlotte Mecklenburg Police Department (CMPD), Special Agent Christopher Morgan with the DEA, and Agent Nelson conducted a "knock and talk" on October 26th at Petitioner's residence in an effort to speak with him about the ongoing investigation and to seek consent to search his home in Charlotte. Agent Morgan and a uniformed officer spoke with Petitioner and his roommate, Angela Grist, on his front

---

[1] The first motion to suppress was filed by attorney Roderick Wright who was court-appointed and later allowed to withdraw after attorney, now N.C. District Judge, Alicia Brooks made a general appearance on Petitioner's behalf. (Id., Doc. Nos. 121-22, 133).

porch and informed him they believed there may be illegal drugs in his house. Petitioner refused the officers' request to search his home. Agent Morgan then spoke with Grist who offered consent for officers to search her room. During the search, Petitioner was restricted to an area near the front door. While the search was underway, Petitioner shouted to the officers upstairs that he understood why law enforcement was at his residence and he offered to speak with them about the allegations of drug distribution. Petitioner then sat down with Agents Nelson and Morgan at his kitchen table and admitted that he had received repeated shipments of high-grade marijuana that had been mailed to him from a supplier in California. Petitioner also admitted that he made multiple deposits of drug proceeds into Giles' bank accounts. Agents concluded the interview with Petitioner after roughly half an hour and left without arresting Petitioner.

On November 3, 2009, agents and local officers returned to Petitioner's home and placed him under arrest and read Petitioner his Miranda rights. Petitioner acknowledged that he understood those rights and he was taken to the courthouse for his initial appearance on a criminal complaint that had been filed under seal the day before which charged him with trafficking marijuana. (Id., Doc. No. 3: Sealed Criminal Complaint). Petitioner agreed to speak with Agent Morgan and Petitioner confirmed the truth of certain statements he made during his October 26th interview at his residence regarding his role in the distribution of marijuana.

Following a hearing on the motion to suppress, the Court found that Petitioner was not in custody during the October 26th interview at his home, that he had not requested an attorney, that he had been properly Mirandized following his November 3rd

3

arrest, and that he spoke freely and voluntarily with Agent Morgan at the courthouse. The motion to suppress was therefore denied.

Petitioner was convicted by a jury on the three counts in his third superseding indictment following a three-day trial. (Id., Doc. No. 158: Jury Verdict). After the return of the verdict, the Government moved for a preliminary order of forfeiture of over $2,000,000 it contended was involved in the drug conspiracy and the money laundering and money structuring conspiracy. (Id., Doc. No. 161). Petitioner filed a pro se objection to the motion and stated that he intended to contest the motion before a jury. (Id., Doc. No. 164).

Petitioner was sentenced to the statutory minimum term of 120-months' imprisonment and he appealed. Petitioner argued on appeal that the Court erred in admitting certain text messages into evidence; erred in denying his counsel's motion to continue the suppression hearing so that he could subpoena his former roommate, Angelica Grist to testify; erred in denying his motion to suppress; and erred in failing to sua sponte order a forfeiture hearing pursuant to Rule 32.2(b)(1)(B) of the Federal Rules of Criminal Procedure. The Circuit Court rejected each argument and affirmed Petitioner's convictions and sentence. United States v. Giles, 518 F. App'x 181 (4th Cir.) (unpublished), cert. denied, 134 S. Ct. 333 (2013).[2]

In this collateral proceeding, Petitioner raises claims of ineffective assistance of trial and appellate counsel and a claim of trial court error which will be examined in turn below.

---

[2] Petitioner's co-defendant, Eric Giles was named as the lead appellant in their consolidated appeal.

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

   A.     Ineffective assistance of counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of counsel bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A "defendant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

The test for ineffective assistance of appellate counsel is largely the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). Appellate counsel "is entitled to a

6

presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

B. Grounds One and Two

Petitioner contends that his trial and appellate counsel rendered ineffective assistance by failing to investigate whether he was in custody when he spoke with agents at his home on October 26, 2009 (Ground One), and that this Court abused its discretion in denying the motion to suppress. (3:14-cv-00610, Doc. No. 1-1: Petitioner's Mem. at 7-16).

Ground One will be dismissed because it is merely conclusory and fails to alert this Court as to how his trial or appellate counsel were ineffective. "[V]ague and conclusory allegations in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal citations omitted). Moreover, it misstates the record. In sum, Petitioner's counsel, Ms. Brooks, filed a supplemental motion to suppress that incorporated the motion to suppress filed by Petitioner's court-appointed counsel, Mr. Wright. The motions to suppress were detailed and clearly articulated counsel's argument that Petitioner was in custody during the October 26th interview with law enforcement at his home and that he did not waive his Miranda rights prior to being interrogated on November 3rd following his arrest. Finally, the Court notes that Ms. Brooks vigorously

7

pursued the motion to suppress during the suppression hearing through able cross-examination and argument.

Ground Two will be dismissed because the Fourth Circuit expressly rejected Petitioner's challenge to this Court's denial of his motion to suppress. Accordingly, Petitioner is foreclosed from renewing this argument in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding the law of the case doctrine forecloses litigation of issues expressly or impliedly decided by the appellate court) (internal citation omitted).

C.  Ground Three

Next, Petitioner contends that his trial and appellate counsel were ineffective in failing to argue that the Government erred in charging him with both conspiracy to commit money laundering and money structuring. (Petitioner's Mem. at 19). This argument is without merit.

The indictment alleged that Petitioner and Giles deposited and withdrew unlawful funds that were obtained from the drug distribution conspiracy from financial institutions in amounts of less than $10,000 in an effort to promote the drug conspiracy. (Count Two) (Money laundering). In Count Three, Petitioner and Giles were charged with "structuring" financial transactions by making deposits and withdrawals in an amount of less than $10,000 in an effort to avoid federal reporting requirements as defined in 31 U.S.C. § 5313(a) and 31 CFR § 103.22, all in violation of 18 U.S.C. § 371 and 31 U.S.C. 5324(a)(3). See Ratzlaf v. United States, 530 U.S. 135, 136 (1994) (describing

structuring).

The Fifth Amendment's prohibition on double jeopardy prohibits punishment for separate convictions on the same charged conduct. See Ohio v. Johnson, 467 U.S. 493, 500 (1984). "The basic inquiry in determining whether counts of an indictment are truly separate, and not [multiplicitous], is whether proof of one offense charged requires an additional fact that proof of the other does not necessitate." United States v. Carter, 576 F.2d 1061, 1064 (4th Cir. 1978) (internal citation omitted); see also Blockburger v. United States, 284 U.S. 299, 304 (1932) (noting that two counts are not multiplicitous if each count "requires proof of a fact which the other does not"). Put another way, "if each offense for which the defendant is tried or punished contains a separate element not present in the other, double jeopardy does not bar the . . . prosecution" of both offenses. United States v. Farr, 591 F.3d 1322, 1324 (10th Cir. 2010).

In order to prove the money laundering conspiracy charged in Count Two, the Government was required to prove that Petitioner conspired with Giles to deposit the proceeds of unlawful activity, that is, the proceeds derived from the drug conspiracy, into a financial institution, and that the deposits were made to promote the drug conspiracy, all in violation of 18 U.S.C. § 1956(h). See United States v. Winfield, 997 F.2d 1076, 1079 n.3 (4th Cir. 1993). In order to prove the money structuring conspiracy, the Government was required to prove that Petitioner and Giles conspired to deposit funds into a financial institution for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), all in violation of 18 U.S.C. § 371 (conspiracy), and 31 U.S.C. § 5324(a)(3).

9

Upon examining the elements of the money laundering conspiracy and money structuring conspiracy it is plain that the latter offense involves proof of an element that the former offense does not, namely, that the Government must prove that Petitioner conspired to avoid the reporting requirement authorized under 31 U.S.C. § 5313(a) by depositing and withdrawing less than $10,000 on each occasion.

For the reasons stated, the Court finds this argument is without merit and it will be dismissed.

D. Ground Four

Here, Petitioner argues that his trial counsel was ineffective "by failing to properly investigate the legal requirements for prevailing on a motion for continuance of the suppression hearing in order to produce an important witness." (Petitioner's Mem. at 20).

Prior to the presentation of evidence at the suppression hearing, Petitioner's counsel moved the Court to continue the hearing so that she could subpoena Ms. Grist to testify or have the U.S. Marshals Service serve her with the subpoena. In moving for the continuance, counsel assured the Court she felt the witness was absolutely necessary to support the motion to suppress. Counsel explained that she had talked with Ms. Grist and made an appointment to meet with her to discuss her testimony; however Ms. Grist did not show up whereupon counsel repeatedly tried to contact her without success. Counsel also noted that she employed someone to search for Ms. Grist in locations where she was reported to frequent and she learned that Ms. Grist may have relocated to Arkansas.

Assistant U.S. Attorney Ferry explained that she had spoken with Ms. Grist a

week or so before the hearing and Ms. Grist confirmed that she had scheduled a meeting with Petitioner's counsel and that she was planning on moving to Virginia soon. The Court denied the motion to continue, but agreed to allow Petitioner to present evidence up until the conclusion of jury selection the following week. (3:09-cr-00203, Doc. No. 231: Tr. of Suppression Hearing). Ms. Grist was never called to testify.

In order to prevail on this claim of ineffective assistance of counsel, Petitioner bears the burden of proving that the result of the suppression hearing would have been different but for counsel's failure to cite the correct legal standard that governs motions to continue a hearing. In rejecting Petitioner's challenge to the denial of the motion to continue on appeal, the Circuit Court explained as follows:

> A party seeking a continuance to secure the attendance of a witness must demonstrate (1) who the witness is, (2) what his or her testimony will be, (3) that the testimony will be relevant to the case and competent, (4) "that the witness can probably be obtained if the continuance is granted," and (5) that counsel has exercised due diligence to obtain the witness's attendance for the trial as set.

Giles, 518 F. App'x at 186 (citing United States v. Clinger, 681 F.2d 221, 223 (4th Cir. 1982)).

The Circuit Court noted that Grist's testimony was likely relevant to the merits of the motion to suppress, but that Petitioner had "failed to demonstrate the character and content of Grist's testimony." Id.

After considering Petitioner's argument, this Court finds that he cannot prevail on his claim of ineffective assistance of counsel because Petitioner's counsel, through Roderick Wright, and Ms. Brooks, detailed the substance of

11

what they believed Ms. Grist would testify to regarding the issue of whether Petitioner voluntarily spoke with agents at his home on October 26th. (3:09-cr-00203, Doc. No. 119: Motion to Suppress; Doc. No. 124: Supplemental Motion to Suppress).

And as noted, Petitioner's counsel did stress in moving for a continuance that Ms. Grist's testimony would be critical but it appears from the record that it is highly unlikely that a continuance could have benefited Petitioner because as his counsel and the Government explained, the whereabouts of Ms. Grist were unknown at the time of hearing and Ms. Grist had failed to attend a meeting that Petitioner's counsel arranged.

Based on the foregoing, the Court finds that even if Ms. Grist had testified to the events as set forth in the motions to suppress, the motion would still have been denied because the Government's evidence was simply overwhelming, and Petitioner's testimony during the suppression hearing that he repeatedly asked for a lawyer and was coerced into speaking with the agents was simply not believable.

E. Ground Five

Petitioner contends that his trial counsel was ineffective in failing to challenge the forfeiture notice that was contained in the third superseding indictment. (Petitioner's Mem. at 22).

The notice of forfeiture included all property and proceeds that was involved in the conspiracies that were alleged in the indictment. In arguing this claim, Petitioner

blankly asserts that the "failure to move for a jury to take up forfeiture issues, or to object to same at sentencing, satisfies Strickland's cause prong." (Id. at 23). This argument, too, is without merit. Critically, Petitioner does not deny that the property identified in the indictment was subject to forfeiture. In other words, Petitioner has not met his burden of demonstrating that the order of forfeiture would not have been entered if his counsel had demanded a jury trial on the issue.

F.	Ground Six

In his final claim, Petitioner argues that his trial counsel was ineffective in failing to challenge the conviction that was noticed by the Government in the Section 851 information that was filed before trial. (Petitioner's Mem. at 23).

In the Section 851 information, the Government alleged that Petitioner was subject to an enhanced sentence based on a 1993 conviction which he sustained in Erie, Pennsylvania, for the unlawful delivery of a controlled substance. Petitioner was sentenced to a term of 5-years' probation that was later revoked and he was thereafter sentenced to an active term of 6 to 23.5 months in prison. Petitioner ultimately served over two years in prison. (3:09-cr-00203, Doc. No. 110-1 at 3; Doc. No. 245: Revised PSR ¶ 49).

Petitioner does not deny that he sustained the 1993 conviction nor does he dispute that the information contained in the § 851 notice and presentence report is correct; but rather he argues that the conviction stemmed from his sale of less than 4 grams of marijuana, and that such a small amount could only have been for personal use and not for distribution. However, as noted in the record of conviction, Petitioner pleaded guilty

to the charge thus he admitted under oath that he possessed and sold the marijuana. (Id., Doc. No. 110-1 at 3).[3]

The Court finds that Petitioner's contention that his counsel was ineffective in failing to present a frivolous challenge to his 1993 conviction is wholly without merit.

IV.  CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 Motion to Vacate is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

---

[3] Petitioner's reliance on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), is sorely misplaced because he was actually sentenced to a term that exposed him to more than one year in prison, and as observed, Petitioner served over two years of active time.

**SO ORDERED.**

Signed: September 26, 2016

Robert J. Conrad, Jr.
United States District Judge